**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| DAN ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:22-CV-928 SRW |
| ) | |
| VISIO, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss (ECF No. 9). The motion is fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c). For the following reasons, Defendants' Motion will be denied.

**I.  BACKGROUND**

On September 6, 2022, Plaintiff Dan Robinson filed a complaint in this Court alleging Defendants Visio, LLC and Michael Chollet committed copyright infringement by publishing a photograph that Plaintiff had taken onto a website without Plaintiff's permission. The Court accepts the following facts as alleged in the Complaint as true:

Plaintiff is a full-time, self-employed professional photographer. In 2018, he created a photograph titled "stc-8300a-v2.jpg", referred to throughout as "the Work." The Work is an artistic rendering of St. Louis, Missouri's downtown area in the midst of a lightning storm. To create the Work, Plaintiff took a series of photographs of the lightning storm, and digitally edited and retouched lighting and special effects in the photo to create the final image. For example, Plaintiff filtered the traffic lights, lightning, the city skyline, and the dark sky. The Work was the

1

result of hundreds of photographs Plaintiff sorted through and edited over several days to get the handful of images that he selected for copyright protection. ImageRights International helped Plaintiff register the Work with the Register of Copyrights on March 12, 2019. The Work was assigned the registration number "VA 2-143-067." At all relevant times, Plaintiff was the owner of the Work at issue in this case.

Defendants never licensed to use the Work for any purpose. At some date after Plaintiff registered it, Defendant copied the Work without Plaintiff's permission. Defendants placed the Work on www.stlouiscnr.com, a website owned, controlled, and operated by Defendants. In 2022, Plaintiff discovered Defendants were using the Work on their website. Plaintiff never gave Defendants permission or authority to copy, distribute, or display the Work. In February and March 2022, Plaintiff notified Defendants of the allegations, and Defendants removed the image from their website.

## II. STANDARD

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A plaintiff need not provide specific facts in support of his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but must include sufficient factual information to provide the "grounds" on which the claim rests, and "to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555 & n.3; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (quoted case omitted). On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555–56; Fed. R. Civ. P. 8(a)(2).

**III.   DISCUSSION**

Defendants ask the Court to dismiss the Complaint for failure to state a claim for two reasons. First, Defendants argue the fair use doctrine applies because the image used by Visio was reduced in size, not shown as a creative work, and was not a substitute for the original; Visio used the image with a public service announcement; and the use of the image was *de minimis* at best. Second, Defendants contend the Complaint fails to allege actual damages because the Complaint does not allege any person actually viewed the image on Visio's website or how long the image was on the website. Defendant Chollet also argues the Court must dismiss the Complaint as to him because it does not allege he had actual knowledge that the image was copyrighted.

**A.   Application of the Fair Use Doctrine**

"Two elements are required to establish copyright infringement, ownership of a valid copyright and copying of original elements of the work." *Mulcahy v. Cheetah Learning LLC*, 386 F.2d 849, 852 (8th Cir. 2004) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991)). Under 17 U.S.C. § 107, "the fair use of a copyrighted work, including such use by reproduction in copies . . . or by any other means specified by that section, for purposes such as criticism, comment, news reporting, teaching, . . . scholarship, or research, is not an infringement

of copyright." "[F]air use is an affirmative defense" to a claim of copyright infringement. *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 590 (1994). To determine whether a non-owner's use is "fair," a court considers the following factors: (1) "the purpose and character of use, including whether such use is of a commercial nature or is for nonprofit educational purposes"; (2) "the nature of the copyrighted work"; (3) "the amount and substantiality of the portion used in relation to the copyrighted work as a whole"; and (4) the effect of the use upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107.

The parties dispute whether fair use may be resolved on a motion to dismiss. The Eighth Circuit has not squarely addressed the issue. *See Wild v. Rockwell Labs, Ltd.*, 2020 WL 1921127 at *3 n.1 (W.D. Mo. Apr. 20, 2020). Fair use is an affirmative defense, so the defense bears the burden of demonstrating it. *Am. Prod. & Inventory Control Soc'y, Inc. v. Auxier*, 2013 WL 12152447 at *2 (W.D. Mo. May 28, 2013) (citing *Campbell*, 510 U.S. at 590). The determination of fair use is a mixed question of fact and law. *Harper Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 560 (1985). Where the facts necessary to establish the defense are evident on the face of the complaint, then it may be adjudicated at this stage. *Kelly-Brown v. Winfrey*, 717 F.3d 295, 308 (2d Cir. 2013). However, fair use often requires consideration of facts outside of the complaint which makes it oftentimes inappropriate to resolve on a motion to dismiss. *Id*.

Defendants argue the Complaint and the exhibits attached to the Complaint demonstrate "fair use," and the Court need not consider matters outside of the pleadings to determine the issue. The Court disagrees. The fourth factor alone cannot be determined on the face of the Complaint. The Court cannot decide the effect of the use on the potential market for or value of the copyrighted work based on the Complaint's allegations or the exhibits. Defendants argue the use of the image did not cause economic harm because it did not act as a substitute for the

original work, but do not provide any allegations from the Complaint that would support this argument. They further assert the Complaint alleges the market is the St. Louis area, and if Robinson alleges he sells his images for $1,000 for "national use," then use in the St. Louis market alone would be a *de minimis* charge. This is an assumption by Defendants that cannot be proven by the allegations in the Complaint. In this case, fair use cannot be determined on the face of the Complaint; therefore, the matter is inappropriate for determination at the motion to dismiss stage.

**B.     Damages**

Defendants argue the Complaint does not allege Plaintiff suffered "actual damages" because he does not plead the image was even viewed by a third party. The Court cannot find any supporting authority, nor did Defendants provide any, that states a plaintiff in a copyright action must plead an image was viewed by a third party to establish damages. The statute allows for a plaintiff to collect actual damages or statutory damages. 17 U.S.C. § 504(a). If a plaintiff is seeking actual damages, he or she may recover actual damages suffered as a result of the infringement, and the profits of the infringer which are attributable to the infringement. § 504(b). However, at any time before final judgment is entered, the copyright owner may elect to recover statutory damages instead of actual damages and profits. § 504(c). Nothing in the statute suggests the plaintiff must plead certain facts to establish damages, especially considering a plaintiff need not even choose what damages to pursue until the final moments of the case. The Court will not dismiss the Complaint on this basis.

### C. Defendant Chollet's Liability

Defendant Chollet argues he cannot be held liable for copyright infringement because he is at most a contributory infringer, and the Complaint fails to allege he had actual knowledge of the infringement.

"The prerequisites for vicarious liability for copyright infringements are: 1. The right and ability to supervise the infringing activity; and 2. An obvious and direct financial interest in exploitation of copyrighted materials." *RCA/Ariola Intern., Inc. v. Thomas & Grayston Co.*, 845 F.2d 773, 781 (8th Cir. 1988). The Complaint alleges Defendant Chollet owned, controlled, and/or operated Visio. It alleges Defendant Chollet personally obtained Plaintiff's work, and Defendants used the work to promote their business and, in the course, and scope of their business activities. These allegations are adequate to state a claim against Defendant Chollet. *See Wild*, 2020 WL 1921127 at *4.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 9) is **DENIED**.

So Ordered this 1st day of December, 2022.

_____
**STEPHEN R. WELBY**
**UNITED STATES MAGISTRATE JUDGE**